Filed 3/13/24  P. v. Dixon CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANIEL STEVE DIXON,<br><br>        Defendant and Appellant. | C098919<br><br>(Super. Ct. No. 57383) |

Defendant Daniel Steve Dixon appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Counsel requested we exercise our discretion to

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Defendant filed his petition under former section 1170.95, but we will cite to section 1172.6 throughout this opinion.

1

review the entire record for arguable issues on appeal. Defendant has filed a supplemental brief. We will affirm.

## I. BACKGROUND

In 1981, a jury found defendant guilty of first degree murder. (§ 187.) The jury found true a special circumstance that defendant personally committed willful, deliberate, and premeditated murder during a robbery. The jury thereafter found true a second special circumstance that defendant had committed multiple murders. The jury also found defendant guilty of robbery (§ 211), illegal possession of a firearm, and receiving stolen property (§ 496). Lastly, the jury further found that defendant had personally used a firearm in committing the robbery. (§ 12022.5.) The trial court sentenced defendant to life without the possibility of parole. This court affirmed the judgment. (*People v. Dixon* (Oct. 18, 1982, 3 Crim. 11616) [nonpub. opn.].)

In May 2021, defendant filed a section 1172.6 petition for resentencing on a 1969 felony murder conviction. The trial court appointed counsel to represent defendant. The People filed a response that did not address defendant's 1969 murder conviction, but rather argued that defendant was ineligible for section 1172.6 relief because the jury found that defendant was the actual killer in the 1981 murder and that he committed the murder willfully, deliberately, and with premeditation. On June 13, 2022, the trial court vacated defendant's 1969 murder conviction and sentenced defendant to six years with time served for first degree robbery.

In August 2022, defendant filed a motion in propria persona to supplement his section 1172.6 petition, contending that, based on the trial court's vacating the 1969 murder conviction, he should be released or his sentence reduced.

On November 14, 2022, defense counsel filed a reply to the People's response, arguing that defendant had made a prima facie case of eligibility for section 1172.6 relief as to his 1981 murder conviction.

In November 2022, defendant filed a second section 1172.6 petition. The trial court appointed counsel to represent defendant. In February 2023, the trial court determined that briefing on defendant's prima facie eligibility for relief was complete with respect to his 1981 conviction and scheduled a hearing.

On June 21, 2023, the trial court issued a tentative ruling denying defendant's petition as to his 1981 murder conviction, finding that defendant was ineligible for relief as a matter of law, because the special circumstance instruction required the jury to find the defendant possessed an intent to cause death that was willful, deliberate, and premeditated, which necessarily embraced an intent to kill. On June 23, 2023, the trial court conducted a hearing and adopted the tentative ruling.

Defendant filed a timely appeal.

## II. DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing, which does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo, supra*, 14 Cal.5th at pp. 222, 224-225.) The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of the order. (*Id.* at pp. 229-232.)

The *Delgadillo* court prescribed guidance for considering an appeal from an order denying a section 1172.6 petition where counsel finds no arguable issues to be pursued.

3

(*Delgadillo, supra*, 14 Cal.5th at p. 232.) When a defendant has been notified that his appeal of the postconviction order may be dismissed, the reviewing court must evaluate the specific arguments presented in any supplemental brief the defendant files. (*Ibid.*) The filing of a supplemental brief, however, "does not compel an independent review of the entire record to identify unraised issues." (*Ibid.*)

On December 6, 2023, we notified defendant: (1) counsel had filed an appellate brief stating his review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider. We advised defendant that if the court did not receive a supplemental brief or letter within that period, "the court may dismiss the appeal as abandoned."

Defendant filed a supplemental brief arguing that, as a result of vacatur of the 1969 murder conviction, the special circumstances charges should be dismissed and defendant released. However, there were two special circumstances found true by the jury in 1981: (1) defendant personally committed willful, deliberate, and premeditated murder during a robbery; and (2) defendant committed multiple murders. By vacating the 1969 murder conviction, the trial court eliminated the multiple murders circumstance. The special circumstance of willful, deliberate, and premeditated murder during a robbery remained. In any event, the jury instructions and verdicts establish that defendant was the actual killer and therefore ineligible for section 1172.6 relief. (§§ 189, subd. (e)(1), 1172.6, subd. (a)(3).)

A trial court may deny a petition for relief under section 1172.6 at the prima facie stage where the record of conviction establishes that the petitioner is ineligible for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-972; see also *People v. Strong* (2023) 13 Cal.5th 698, 708; *People v. Curiel* (2023) 15 Cal.5th 433, 463-464.) The record of

4

conviction includes the instructions given to the jury and the jury's verdicts. (*People v. Harden* (2022) 81 Cal.App.5th 45, 50, 52-56 (*Harden*); *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.) As relevant here, if the record of conviction establishes that a petitioner, convicted of felony murder, is the actual killer, the petitioner is ineligible for relief as a matter of law. (§ 189, subd. (e)(1); *Harden, supra*, at p. 53; *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200-1201.)

In this case, the jury was instructed, inter alia, on the special circumstances of willful, deliberate, and premeditated murder committed in the course of robbery. Modified CALJIC No. 8.84.1, as given, required the prosecution to prove the special circumstance of murder in the course of a robbery that defendant was physically present, and with the intent to cause death, willfully with premeditation and deliberation, while committing a robbery, committed an act that caused death. The instruction advised the jury it may not find this special circumstance true based on the felony-murder rule, but must reexamine and reevalute the evidence to determine whether the murder was willful, deliberate, and premeditated. CALJIC No. 8.86 (1977 Revision) defined the words "willful," "deliberate," and "premeditated" to mean the prosecution must prove that the defendant intended to kill, that he carefully weighed the considerations for and against this choice, and, aware of the consequences, decided to kill before acting. The jury was instructed with CALJIC No. 8.80 (1980 Revision) that it could not consider this special circumstance until it found defendant guilty of murder in the first degree. CALJIC No. 8.10 (1979 Revision) defining murder required proof that "a human being was killed," "the killing was unlawful," and "the killing was done with malice aforethought." " 'This language on its face tells the jury that "the person who unlawfully kills" is guilty of murder. In common understanding, this would refer to the person who inflicted the fatal injury.' " (*Harden, supra*, 81 Cal.App.5th at p. 55.) In addition, as given, CALJIC No. 8.20 (1979 Revision) defining first degree murder told the jury that "[t]o constitute a deliberate and premeditated killing, the *slayer* must weigh and consider the question of

5

killing and the reasons for and against such a choice and having in mind the consequences, *he decides to and does kill.*" (Italics added.)

As instructed, in the jury's verdict finding defendant guilty of first degree murder and finding true the special circumstance that defendant committed willful, deliberate, and premeditated murder, the jury necessarily determined that defendant was the actual killer. (See *Harden, supra*, 81 Cal.App.5th at pp. 55-56.) Thus, defendant was ineligible for section 1172.6 relief as a matter of law based on the record of conviction. (*Harden, supra*, at p. 56.)

## III. DISPOSITION

The trial court's order denying the petition is affirmed.

/S/
_____
RENNER, J.


We concur:


/S/
_____
DUARTE, Acting P. J.


/S/
_____
BOULWARE EURIE, J.

6